IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DEAN GUENTHER,

                Petitioner,

    v.

LOUIS WILLIAMS II,

                Respondent.

OPINION AND ORDER

17-cv-231-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Federal prisoner Dean Guenther has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging a 2005 sentence enhancement he received under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), because he had at least three prior convictions for a "violent felony or a serious drug offense" and had been found to be a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). His three prior convictions consisted of three prior Minnesota burglary convictions. Relying on United States v. Mathis, 136 S. Ct. 2243 (2016), petitioner contends that none of those burglary convictions constituted a "violent felony" under § 924(e)(1), so he does not qualify for a sentence enhancement. The government has responded to the petition.

      As explained below, I conclude that petition is not entitled to relief under Mathis because Mathis is not retroactive. Neff v. Williams, case no. 16-cv-749-bbc (Aug. 17, 2017) (finding same); Van Cannon v. United States, case nos. 16-cv-433-bbc and 08-cr-185-bbc

1

(Jul. 10, 2017) (same). Accordingly, the petition will be dismissed.

OPINION

Ordinarily, a federal prisoner challenging his conviction or sentence must do so on direct appeal or in a motion filed under 28 U.S.C. § 2255 in the district in which he was convicted. Brown v. Caraway, 719 F.3d 583, 586 (7th Cir. 2013). If a prisoner has filed one § 2255 motion, as petitioner has in this case, he must obtain permission from the court of appeals before he may file a second or successive motion. 28 U.S.C. § 2255(h). Under certain circumstances, however, a federal prisoner "may petition under section 2241 instead if his section 2255 remedy is 'inadequate or ineffective to test the legality of his detention.'" Brown v. Rios, 696 F.3d 638, 640 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). Subsection (e) is known as § 2255's "savings clause."

The Seventh Circuit has established three conditions that must be present before a petitioner can proceed under § 2255(e)'s "inadequate or ineffective" exception. First, the petitioner must be relying on a new case of statutory interpretation, rather than on a constitutional case, because prisoners who rely on new constitutional cases may pursue relief under § 2255(h). Second, the petitioner must be relying on a decision that is retroactive on collateral review and that could not have been invoked in his first § 2255 petition. Third, the error that the petitioner identifies must be grave enough to be deemed a miscarriage of justice. Montana v. Cross, 829 F.3d 775, 783 (7th Cir. 2016); Light v. Caraway, 761 F.3d 809, 812-13 (7th Cir. 2014); In re Davenport, 147 F.3d 605, 611-12 (7th Cir. 1998).

2

In this instance, petitioner has satisfied the first condition because he has identified a new case of statutory interpretation: United States v. Mathis, 136 S. Ct. 2243 (2016). In Mathis, the Supreme Court held that a prior conviction counts as a predicate crime under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), only "if its elements are the same as, or narrower than, those of the generic offense." Id. at 2248. Mathis addressed a "burglary" conviction in particular, holding that a "burglary" could be a predicate violent felony only if it contained the following elements and no others: an "unlawful entry into a building or structure" without consent and with intent to commit a crime. Id. at 2250. Thus, a burglary would not qualify as a predicate violent felony under the Act if it criminalized entry into a building or structure *or land, water or air vehicle*, as Iowa did under Iowa Code § 702.12 (2013) (emphasis added). Id. As the court explained in Mathis, "those listed locations are not alternative elements, going toward the creation of separate crimes . . . [but] alternative ways of satisfying a single locational element." Id.

Since Mathis was decided, the Court of Appeals for the Eighth Circuit held in McArthur v. United States, 850 F.3d 925 (8th Cir. 2017), that a Minnesota statute criminalizing third degree burglary did not qualify as a predicate crime. The court found the statute "divisible, that is, it set forth two alternative versions of the way in which the crime of third degree burglary could be committed: either by entering a building without consent and with intent to steal or commit a felony or gross misdemeanor while in the building" or by "enter[ing] a building without consent and steal[ing] or commit[ting] a felony or gross misdemean while in the building." Id. at 939. Petitioner cites Mathis and McArthur to

3

challenge his sentencing court's reliance on two prior Minnesota convictions for first degree burglary and one prior conviction for second degree burglary.

However, even though petitioner has identified a new case of statutory interpretation, his § 2241 petition fails because I conclude that Mathis is not retroactive. Contrary to other decisions that the Supreme Court has reached concerning the Armed Career Criminal Act, the Court has not found that Mathis retroactive. For example, after the Court held the residual clause of the Act unconstitutional in Johnson v. United States, 135 S. Ct. 2551 (2015), it issued a ruling making it explicit that the holding applied retroactively to prior convictions that had been based on the residual clause. Welch v. United States, 136 S. Ct. 1237 (2016).

In addition, the decision in Mathis does not meet the usual criteria for retroactivity. Instead of recognizing a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, 28 U.S.C. § 2255(f)(3), the Court merely reaffirmed its 1990 holding in Taylor v. United States, 495 U.S. 575 (1990), that "a prior conviction cannot qualify as an [Armed Career Criminal Act] predicate if its elements are broader than those of a listed generic offense." Mathis, 136 S. Ct. at 2251. In other words, this is not an issue on which "new law has been made since the time of the appeal." Davis v. United States, 417 U.S. 333, 342 (1974) (holding that collateral relief from federal conviction is available when there is intervening change in substantive law). Instead, petitioner is raising an issue that has been settled since the Court decided in Taylor, 27 years ago, that for Armed Career Criminal Act purposes, "burglaries" are limited to those

4

whose elements make up the generic form of the offense, that is, unlawful entry into a building or structure without consent and with intent to commit a crime. Mathis, 136 S. Ct. at 2247 ("For more than 25 years, our decisions have held that the prior crime qualifies as an ACCA predicate if, but only if, its elements are the same as, or narrower than, those of the generic offense."). Accordingly, I conclude that petitioner has no ground on which to argue that he is raising an issue of new law.

This conclusion seems straightforward, but the court of appeals' language in a recent case, Holt v. United States, 843 F.3d 720 (7th Cir. 2016), gives me pause. Holt filed a motion under 28 U.S.C. § 2255 on an old sentence imposed on him under the Armed Career Criminal Act, contending that the sentencing court had erred in attributing a prior burglary offense to him. His motion was denied, but shortly afterward the court of appeals found that the particular version of the burglary offense of the Illinois statutes at issue was not a violent felony "because it did not satisfy the definition of burglary used in Mathis for indivisible statutes." Id. at 721 (citing United States v. Haney, 840 F.3d 472 (7th Cir. 2016)). After supplemental briefing, the court of appeals concluded that Holt's motion was his second § 2255 motion and could not be heard unless it rested on newly discovered evidence or was "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that has previously been unavailable." § 2255(h)(2). The court of appeals concluded that the petitioner could not proceed because Mathis was a case of statutory interpretation, not a new rule of constitutional law. Id. at 722. As relevant here, however, the court of appeals stated that "substantive decisions such as

5

Mathis presumptively apply retroactively on collateral review," id. (citing Montgomery v. Louisiana, 136 S. Ct. 718 (2016); Davis, 417 U.S. 333 (1974)).  The court did not explain why it considered Mathis a new substantive rule and further noted that it need not resolve "[w]hether [Holt] might be entitled to relief under 28 U.S.C. § 2241." Id. at 724.  Although the statements in Holt do not change my conclusion in petitioner's case, I will issue petitioner a certificate of appealability so that he may challenge my decision in the court of appeals if he chooses to.

Under Rule 11 of the Rules Governing Section 2254 Cases (which can be applied to cases under § 2241 as well), the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner.  The question is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).  Because Holt creates some ambiguity, there is room for debate about how the court of appeals might resolve petitioner's claim.  Accordingly, I will issue petitioner a certificate of appealability.

ORDER

IT IS ORDERED that

1. Petitioner Dean Guenther's petition for a writ of certiorari under 28 U.S.C. § 2241 is DENIED.

2. Petitioner is GRANTED a certificate of appealability.

3. The clerk of court is directed to enter judgment and close this case.

Entered this 2d day of November, 2017.

BY THE COURT:
/s/

BARBARA B. CRABB
District Judge